UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 18-10064-LTS |
| | ) |
| RYAN HOLLERAN. | ) |

ORDER ON MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 101)

January 19, 2021

SOROKIN, J.

Ryan Holleran, who is presently serving a sentence for drug trafficking, seeks an order

pursuant to 18 U.S.C. § 3582(c)(1)(A) reducing his sentence to time served, citing the

combination of his documented health conditions and the present COVID-19 pandemic as

extraordinary and compelling reasons justifying his release.  Doc. Nos. 101, 103.[1]  The

government opposes his request.  Doc. No. 107.  For the following reasons, Holleran's motion is

DENIED.

On April 23, 2019, Holleran pled guilty to possessing oxycodone with the intent to

distribute it, in violation of 21 U.S.C. § 841.  Doc. Nos. 84, 96.  The charges arose from the

search of Holleran's apartment in a New Bedford triple-decker pursuant to a warrant obtained

based on evidence Holleran was selling drugs out of that location.  As a result of the search,

police recovered oxycodone and other drug paraphernalia inside Holleran's apartment.  They

also searched the locked basement of the triple-decker, where they found more oxycodone,

cocaine, cocaine base, and firearms.  The government charged Holleran with possessing all of

---

[1] Citations to items appearing on the Court's electronic docket ("Doc. No. __ at __") reference
the document and page numbers assigned by ECF.

the recovered items, but later withdrew the charges arising from the drugs and guns found in the basement after this Court allowed Holleran's motion to suppress those items.  Doc. Nos. 64, 86.

This was Holleran's first conviction, though he had been arrested more than once before and charged with possessing drugs and/or firearms.  The advisory guidelines sentencing range was 46 to 57 months' imprisonment.  On July 29, 2019, the Court sentenced Holleran to the low end of the recommended range—46 months in prison, followed by three years of supervised release.  Doc. No. 96.  Holleran's expected release date is July 14, 2021.  He is housed at FMC Devens in Ayer, Massachusetts, and a recommendation is pending that Holleran be transferred to a Residential Reentry Center ("RRC") 90 days before his release (i.e., in mid-April 2021).  Doc. No. 107 at 5-7; <u>see</u> 18 U.S.C. § 3624(c).  In August 2020, Holleran asked the warden at FMC Devens to file a motion for a sentence reduction on his behalf.  Doc. No. 101 at 2; Doc. No. 101-1.  The warden denied his request a month later.[2]  Doc. No. 101 at 2; Doc. No. 101-2.

Holleran's motion requires the Court to determine whether, having "consider[ed] the factors set forth in [18 U.S.C. §] 3553(a)," Holleran has identified "extraordinary and compelling reasons" warranting a reduction in his sentence.  § 3582(c)(1)(A)(i).  The Court's assessment is guided by the Policy Statement of the Sentencing Commission in § 1B1.13 of the United States Sentencing Guidelines.  § 3582(c)(1)(A)(ii).  That statement permits a reduction in sentence if three conditions are met:  1) "extraordinary and compelling reasons warrant the reduction"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (2), (3).  The Application Notes to § 1B1.13 explain that a defendant's

---

[2] The government concedes that Holleran satisfies § 3582(c)(1)'s exhaustion requirement.  Doc. No. 107 at 9 n.6.

medical condition will amount to an extraordinary and compelling reason under § 1B1.13(1) if

he is "suffering from a serious physical or medical condition . . . that substantially diminishes

[his] ability . . . to provide self-care within the environment of a correctional facility and from

which he . . . is not expected to recover."

Holleran is 29 years old, suffers from asthma, and "smoked marijuana on a daily basis for

many years before his arrest in this case."  Doc. No. 101 at 1.  According to the Centers for

Disease Control and Prevention ("CDC"), people with moderate-to-severe asthma "might be at

an increased risk for severe illness" should they contract COVID-19.  CDC, "People with Certain

Medical Conditions," http://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html (last visited Jan. 4, 2021).  The parties dispute

whether Holleran's medical conditions are sufficiently serious to amount to an "extraordinary

and compelling reason" that would satisfy the first prerequisite for compassionate release, and

they further disagree about the Court's authority to find that prerequisite satisfied based on a

factor that has not been specifically enumerated by the Sentencing Commission.  Compare Doc.

No. 101 at 2-8 (arguing district courts have discretion to find the first requirement met based on

facts beyond those enumerated, and that Holleran's medical condition is sufficiently serious to

satisfy the first requirement), with Doc. No. 107 at 12-20 (arguing district courts may consider

only the enumerated categories of extraordinary circumstances, and that Holleran's "mild"

asthma does not satisfy the first requirement).

The Court need not resolve either of these questions.  Even if the Court were to find that

Holleran's asthma and/or his history of marijuana use were sufficiently serious to establish an

"extraordinary and compelling reason" and permit a reduction in his sentence, the Court would

then proceed to consider whether Holleran is a danger to the safety of any other person or to the

community, and to weigh the § 3553(a) factors on the present record.  Both of those factors disfavor a reduction in his sentence.

Both the nature of the offense of which Holleran was convicted and his record of disciplinary infractions while serving his sentence suggest that Holleran does pose a public safety risk.  See Doc. No. 107-2 (reflecting that within the past year Holleran has been sanctioned for assaulting another inmate and possessing a prohibited drug).  Holleran has not engaged with these facts or the very real and serious concerns they support regarding the important public safety consideration.  Rather, he summarily suggests his release "would not offend public safety concerns" because his crime "was a non-violent, possessory offense."  Doc. No. 101 at 8.  To the extent Holleran suggests that the possession of drugs presents no risk to others or to the community, the Court disagrees.  Nothing in the record demonstrates that the Court's assessment of Holleran's risk to the public should be any different now than it was at the time of his sentencing.

Given all this, the Court finds Holleran has not demonstrated that he would not present a danger to others or to the community if he were released at this time.  Moreover, nothing that the parties have presented to the Court now would cause it to alter the manner in which it weighed the § 3553(a) factors at the time of Holleran's sentencing.  Under the totality of circumstances on the record before the Court, having carefully considered the factors identified in 18 U.S.C. § 3553, the safety of the public, and the other conditions listed in § 1B1.13 of the Sentencing Guidelines, the Court finds that a reduction in Holleran's sentence is neither warranted nor

consistent with the Sentencing Commission's Policy Statement.  Accordingly, Holleran's motion for compassionate release (Doc. No. 101) is DENIED.[3]

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

---

[3] Two other points bear mention.  First, the Court is aware that FMC Devens, where Holleran is housed, recently experienced a substantial outbreak of active COVID-19 cases among inmates. It appears, however, based on the information publicly available on the Bureau of Prisons' website, that the number of cases is now decreasing.  Holleran has not offered evidence suggesting the conditions of his own confinement are currently unduly harsh or excessively risky such that the Court would deem it necessary to reweigh the § 3553(a) factors on that basis.  Cf. Doc. No. 107 at 6-7 (representing that, at the time of the government's opposition, there were no known positive cases among inmates in Holleran's housing unit).

Second, Holleran has now notified the Court that, because the Probation Office has rejected his release plan, he seeks early release to the RRC.  Doc. No. 108.  He will go there in the ordinary course three months from now, and the Court finds no reason in the record that would justify altering the existing timeline in that regard.